**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4075**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

AARON MATTHEW REED,

    Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, Chief District Judge. (3:16-cr-00007-GMG-RWT-1)

Submitted: August 31, 2017         Decided: September 7, 2017

Before DUNCAN, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Nicholas J. Compton, Kristen M. Leddy, Federal Public Defender's Office, Martinsburg, West Virginia, for Appellant. Betsy Steinfeld Jividen, Acting United States Attorney, Anna Z. Krasinski, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aaron Matthew Reed appeals his conviction and 18-month sentence imposed following a jury trial for possessing the precursors used in methamphetamine production, in violation of 21 U.S.C. § 843(a)(6), (d)(2) (2012). On appeal, Reed challenges the district court's denial of his motion for judgment of acquittal and two of its evidentiary rulings. He also challenges the substantive reasonableness of his sentence. Finding no error, we affirm.

I.

Reed first argues that the evidence was insufficient to establish the Government's theory of constructive possession. We review de novo the district court's denial of a motion for judgment of acquittal under Fed. R. Crim. P. 29. *United States v. Reed*, 780 F.3d 260, 269 (4th Cir. 2015). We will "sustain the verdict if there is substantial evidence, viewed in the light most favorable to the Government, to support it." *United States v. Engle*, 676 F.3d 405, 419 (4th Cir. 2012). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Cornell*, 780 F.3d 616, 630 (4th Cir. 2015) (internal quotation marks omitted). In making this determination, we will not resolve conflicts in the evidence or evaluate witness credibility. *United States v. Dinkins*, 691 F.3d 358, 387 (4th Cir. 2012).

"A defendant challenging the sufficiency of the evidence bears a heavy burden." *Cornell*, 780 F.3d at 630 (internal quotation marks omitted). We must sustain the verdict "if *any* rational trier of fact could have found the essential elements of the crime charged

2

beyond a reasonable doubt." *United States v. Penniegraft*, 641 F.3d 566, 571 (4th Cir. 2011). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." *United States v. Ashley*, 606 F.3d 135, 138 (4th Cir. 2010) (internal quotation marks omitted).

A person has constructive possession over contraband if he has "knowledge of the presence of the contraband" and "ownership, dominion, or control over the contraband or the premises or vehicle in which the contraband was concealed." *United States v. Herder*, 594 F.3d 352, 358 (4th Cir. 2010). Constructive possession may be proven by direct or circumstantial evidence, considering the totality of the circumstances surrounding the defendant's alleged possession of the item. *Id.*

Here, the Government adduced ample circumstantial evidence from which a jury could conclude that Reed constructively possessed the items identified as methamphetamine manufacturing precursors. Notably, the presence of these materials in a bedroom identified by multiple witnesses as Reed's bedroom, in a toolbox he was known to use for storage of materials for manufacturing methamphetamine, and within a safe containing his valuable personal items, gave rise to a reasonable inference that he was aware of and exercised ownership, dominion, and control over these items.

Reed points to testimony that the bedroom, toolbox, and safe were accessible to other family members and that he had moved out of the house several weeks before the search in which the items were discovered. He also observes and that another family member who struggled with drug addiction had used the basement bedroom shortly before the search and purchased pseudoephedrine found within the safe. While the jury

3

could have credited this contrary evidence, we conclude that it did not preclude a reasonable juror from finding that Reed exercised dominion and control over the bedroom and the precursors of methamphetamine manufacture found there. And although Reed challenges the credibility of two of the Government's witnesses, we must resolve such credibility determinations in the Government's favor at this juncture. *See Dinkins*, 691 F.3d at 387; *Engle*, 676 F.3d at 409. In short, we find substantial evidence to support Reed's constructive possession of methamphetamine manufacturing precursors.

## II.

Reed next challenges the district court's ruling permitting Sergeant Kessel to testify as an expert in methamphetamine manufacturing. "We review a district court's decision to qualify an expert witness, [and] the admission of such testimony, for abuse of discretion." *United States v. Garcia*, 752 F.3d 382, 390 (4th Cir. 2014).

The Federal Rules of Evidence permit a witness "who is qualified as an expert by knowledge, skill, experience, training, or education" to "testify in the form of an opinion or otherwise," so long as the expert's "specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"; his "testimony is based on sufficient facts or data" and "reliable principles and methods"; and he "reliably applie[s] the principles and methods to the facts of the case." Fed. R. Evid. 702. To ensure that evidence is sufficiently reliable to warrant admission under the Rule, a district court must "consider the proposed expert's full range of experience and training" to determine "whether the expert has sufficient specialized knowledge to assist the jurors in deciding

4

the particular issues in the case." *Belk, Inc. v. Meyer Corp., U.S.*, 679 F.3d 146, 162 (4th Cir. 2012) (internal quotation marks omitted). A trial court is afforded "considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Garcia*, 752 F.3d at 391 (internal quotation marks omitted).

At trial, Kessel described the "shake and bake" method of methamphetamine manufacturing. He also described how various seized items could have been used to manufacture methamphetamine. At the close of his testimony, he offered his opinion that the seized items were consistent with the manufacture of methamphetamine.

Reed does not take issue with the content of Kessel's testimony, but instead claims that his expert qualification lent an undue and prejudicial significance to his testimony and allowed him to invade the province of the jury in proffering his final opinion. We are unpersuaded. Kessel's testimony was both helpful and relevant to the jury in deciding whether the seized items could be used to manufacture methamphetamine, as most laymen are unfamiliar with the process for manufacturing methamphetamine. *See United States v. Safari*, 849 F.2d 891, 895 (4th Cir. 1988). Kessel's description of the process and components of methamphetamine manufacture is the same type of expert testimony that we have routinely upheld. *See, e.g.*, *United States v. Hopkins*, 310 F.3d 145, 151 (4th Cir. 2002) (describing items as indicia of defendant's drug distribution); *United States v. Gastiaburo*, 16 F.3d 582, 588-89 (4th Cir. 1994) (identifying "tools of the trade" in drug distribution). Kessel's opinion relied upon his specialized knowledge and training. And contrary to Reed's assertion, Kessel did not offer an impermissible opinion as to an ultimate issue for the jury. *See* Fed. R. Evid. 704.

5

Reed also argues that Kessel's testimony failed to sufficiently explain his methodology and the basis for his opinions. Although expert testimony may be based solely on an expert's experience, a district court must "require an experiential witness to explain how [his] experience leads to the conclusion reached, why [his] experience is a sufficient basis for the opinion, and how [his] experience is reliably applied to the facts." *United States v. Wilson*, 484 F.3d 267, 274 (4th Cir. 2007) (internal quotation marks omitted). We conclude Kessel's testimony regarding his training and methods was adequate to support its admission.

III.

Reed also contends that the district court erroneously admitted Fed. R. Evid. 404(b) evidence through two witnesses who described Reed's prior use and manufacture of methamphetamine. We review the district court's Rule 404(b) ruling for abuse of discretion. *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016). We review unpreserved challenges to Rule 404(b) evidence for plain error. *United States v. Moore*, 441 F.3d 254, 262 (4th Cir. 2006).

Rule 404(b) is "an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition." *United States v. Wilson*, 624 F.3d 640, 651 (4th Cir. 2010) (internal quotation marks omitted). The rule "allows admission of evidence of the defendant's past wrongs or acts, as long as the evidence is not offered to prove the defendant's predisposition toward criminal behavior." *United States v. Sterling*, 860 F.3d 233, 246 (4th Cir. 2017). Under our four-pronged inquiry, evidence is admissible under Rule 404(b) if it is: (1) relevant to an issue other than the

6

character of the defendant; (2) necessary to prove an element of the charged offense; (3) reliable; and (4) admissible under Fed. R. Evid. 403. *United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997).

"Evidence is relevant if it has any tendency to make the existence of any determinative fact more probable than it would be absent the evidence." *Sterling*, 860 F.3d at 247 (internal quotation marks omitted). "[T]he fact that a defendant may have been involved in drug activity in the past does not in and of itself provide a sufficient nexus to the charged conduct where the prior activity is not related in time, manner, place, or pattern of conduct." *United States v. McBride*, 676 F.3d 385, 397 (4th Cir. 2012) (internal quotation marks omitted). "[E]vidence is necessary when it is probative of an essential claim or an element in a manner not offered by other evidence available to the government." *Sterling*, 860 F.3d at 247 (internal quotation marks omitted).

We conclude that the evidence of Reed's prior methamphetamine use and manufacture satisfies the requirements of *Queen*. The challenged testimony was relevant and necessary for multiple purposes, including demonstrating that Reed knew, intended, or had reasonable cause to believe that the seized materials would be used to manufacture methamphetamine. The evidence also provided an indicia of ownership of the seized materials and a motive for Reed's possession of those materials.

Contrary to Reed's assertion, the testimony regarding past manufacture did not lack relevance due to dissimilarity with the charged offense. And the limited temporal gap separating the prior acts and the charged offense was not so significant as to undermine the considerable relevance of this evidence.

7

Although Reed argues that the testimony lacked any indicia of reliability because the witnesses were felons and drug addicts, "[e]vidence is reliable for purposes of Rule 404(b) unless it is so preposterous that it could not be believed by a rational and properly instructed jury." *United States v. Siegel*, 536 F.3d 306, 319 (4th Cir. 2008) (internal quotation marks omitted). Nor was the evidence unduly prejudicial. *See id.* ("[G]eneral prejudice . . . is not enough to warrant exclusion of otherwise relevant, admissible evidence."). Further, any risk of unfair prejudice was reduced by the court's repeated limiting instruction. *See United States v. Lespier*, 725 F.3d 437, 448 (4th Cir. 2013) (recognizing that limiting instruction can mitigate "any risk of unfair prejudice"). We therefore discern no abuse of discretion in the admission of this evidence.

IV.

Finally, Reed argues that the court erred in sentencing him to 18 months' imprisonment by placing undue emphasis on its determination that his prior, unscored criminal convictions underrepresented his further misconduct. We review a sentence for reasonableness, applying a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). We first review for significant procedural error, such as improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors, and inadequate explanation of the sentence imposed. *United States v. Lymas*, 781 F.3d 106, 112-13 (4th Cir. 2015).

If we find no procedural error, we also consider the substantive reasonableness of the sentence under the totality of the circumstances. *Gall*, 552 U.S. at 51. We presume that a within-Guidelines sentence is substantively reasonable. *United States v. Louthian*,

8

756 F.3d 295, 306 (4th Cir. 2014). Reed bears the burden to rebut this presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Reed's presentence report detailed his numerous prior convictions over a span of several decades, the vast majority of which were of limited severity and received no criminal history points. The district court acted well within its discretion in gleaning from this history Reed's pattern of violating the law. The court appropriately factored this pattern into its nuanced sentencing calculus under 18 U.S.C. § 3553(a) and sentenced Reed at the bottom of the Guidelines range. In view of the court's analysis, we conclude that Reed fails to rebut the presumption of substantive reasonableness accorded his sentence.

V.

As we discern no error in Reed's conviction or sentence, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*